Harold CRABTREE, Glenna Crabtree, Plaintiffs,

v.

**VETERANS ADMINISTRATION, Defendant.**

**In the Matter of Harold CRABTREE, Glenna Crabtree, Debtors.**

Bankruptcy No. 3-80-02098.
Adv. No. 3-82-0738.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 29, 1983.

Christopher M. Hawk, Dayton, Ohio, for plaintiffs/debtors.

Vanessa D. Walton, Dayton, Ohio, for defendant.

George W. Ledford, Englewood, Ohio, Trustee.

PRELIMINARY PROCEDURE

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon Complaint filed by Debtor on 8 November 1982 alleging that Defendant violated the Court's automatic stay of 11 U.S.C. § 362(a). The Court initially set the matter for hearing on 6 December 1982, but later granted an extension for responsive plead-

ings and set a pretrial conference on 15 February 1983. At the pretrial conference, the parties agreed to submit the matter on stipulated facts and legal memoranda, which were subsequently filed. The following decision is therefore based upon the record, inclusive of the parties' Stipulation of Fact and memoranda.

## FINDINGS OF FACT

The pertinent facts are not in dispute. Debtors filed their Chapter 13 Petition on 15 July 1980. Defendant duly filed a Proof of Claim, which was duly administered in the Chapter 13 proceeding. On 12 August 1983, the Court issued an Order of Dismissal of Debtors' Chapter 13 proceeding. In reliance on this Order, Defendant proceeded to "collect" those moneys not paid on Defendant's claim by withholding, as setoff, Defendant Harold Crabtree's monthly disability benefits. On 31 August 1983, however, the Court vacated the Order of Dismissal and simultaneously reinstated Debtors' bankruptcy proceeding. Defendant nevertheless continued to "collect" on its claim. According to Defendant's records, Defendant did not receive this Court's notice of reinstatement "until" 10 September 1982. In addition, Debtors' attorney informed Defendant of the reinstatement by letter dated 4 October 1982. Defendant's records do not indicate receipt of this letter. Apparently, after Defendant received the initial notice of dismissal, Defendant's records of Debtors' dealings with Defendant were bureaucratically "lost" in "permanent storage" and the "working folder" was "destroyed."

On 1 December 1982, Defendant's District Council reviewed the reconstructed "working file" and ordered that Defendant's Finance Division refund all compensation benefits which had accrued, and commence payment of all current benefits.

Apparently as of 20 April 1983 (the date Debtors' filed their legal memorandum), Debtors still had received no payments (accrued or current) from Defendant. The Court notes that, in the interim, Debtors' bankruptcy proceeding was again administratively dismissed and reinstated because their Chapter 13 Plan had appeared underfunded, as Debtors had been unable to include the anticipated benefits. To date, there is nothing in the record to substantiate that Defendant has ever paid any of the benefits "now owing."

Defendant admits that its actions have violated this Court's automatic stay. Defendant, however, contends that its violation was "unintentional" and "inadvertent." Defendant notes that it had previously complied with the Court's stay, and that its actions were precipitated by the bureaucratic confusion resulting from the dismissal and reinstatement of Debtors' bankruptcy proceeding. Defendant stresses the administrative difficulties in "reidentifying" Debtors, locating their records, and making administrative adjudications. Defendant essentially concludes that, although its actions were violative of the stay, Defendant's conduct was neither willful nor deliberate, and does not warrant a sanction of contempt.

Debtors respond that Defendant's withholding of benefits for half a year constitutes an inordinate delay which has disrupted Debtors' Chapter 13 proceeding and has resulted in considerable legal expense. Debtors stress that, as of the date this matter was submitted for decision, no payments had been received, even though there is no dispute that they are owing and "past due."

## DECISION AND ORDER

The only issue before the Court is whether Defendant should be sanctioned for its admitted violation of this Court's automatic stay of 11 U.S.C. § 362(a).

The automatic stay is the single most valuable protection for any party who possesses an interest in a debtor's estate. The Court, however, is cognizant that technical lapses in compliance with the stay at times inevitably occur, particularly under the guise of the computer syndrome. Many of these situations do not warrant any Court intervention, and use of the Court to "reme-

dy" minor and technical transgressions should not be encouraged.

The instant situation began as one such instance in which, despite technical noncompliance with the automatic stay, sanctions would not seem appropriate since they would neither have "taught a lesson" nor punished a wrongdoer. The Court notes that the mitigating circumstances include, in particular, the unusual procedural posture of Debtors' Chapter 13 proceeding, Defendant's compliance with the automatic stay prior to the initial dismissal of Debtors' proceeding, and Defendant's decision to reimburse Debtors for their benefits wrongfully withheld.

A finding that the circumstances appear to justify Court leniency, however, does not obviate the facts of actual and necessary legal expenses incurred by Debtors, and, most significantly, the apparent continued delay in rectifying the wrongful withholding of benefits (which has proven further disruptive of Debtors' bankruptcy proceeding).

It is the opinion of the Court that Debtors should not bear the burden of the legal expenses resulting from Defendant's violation of the stay, particularly since much of the legal services were required to be performed after Defendant had actual notice of Debtors' reinstatement and after Defendant had even acted on such notice "to rectify" Defendant's error. It is the further opinion of the Court that if the moneys owing have been paid or are promptly paid, Defendant should not be further sanctioned for its violation of the stay.

IT IS ORDERED, ADJUDGED AND DECREED that Debtors are hereby AWARDED ATTORNEY FEES in the amount of $350.00, as requested.

IT IS FURTHER ORDERED that additional sanctions for Defendant's violation will not be imposed if all moneys owing Debtors are brought current on or by fourteen days from the date this decision is journalized. If Debtors' benefits are not brought current within the prescribed period of time, the Court, without further notice or hearing, hereby imposes a sanction of $50.00 per day, to a maximum of $750.00 or further order of the Court, for each business day after the fourteen day period that the entire amount of accrued benefits is not paid. 11 U.S.C. § 105(a); 28 U.S.C. § 1481.